**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JEREMY BASSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:24-cv-02091-TWP-MG |
| | ) |
| INDIANA STATE POLICE, | ) |
| ROGER DREW, | ) |
| JOSH WATSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR LEAVE TO FILE OVERSIZED BRIEF

This matter is before the Court on Defendants Indiana State Police, Roger Drew, and Josh Watson's (collectively, "Defendants") Motion for Leave to File Oversized Brief in Support of their Motion for Summary Judgment (Filing No. 73), which belatedly seeks leave to file their 55-page summary judgment brief. For the following reasons, Defendants' Motion for Leave is **denied**. However, Defendants are ***sua sponte* granted leave** to file an amended supporting brief of no more than **forty (40) pages** within **seven (7) days** from the date of this Order. If no amended brief is filed, then pages 31–55 of the Defendants' original brief (Filing No. 71) will be **stricken** from the summary judgment record.

## I.      DISCUSSION

Following motions practice, Plaintiff Jeremy Brasso's Rehabilitation Act of 1973, discrimination and retaliation claims (Counts III and IV, respectively) against the Indiana State Police and the Section 1983 malicious prosecution claim against Defendants Drew and Watson (Count V) remain pending. The dispositive motions deadline in this case is July 6, 2026. On that date, Defendants filed their Motion for Summary Judgment, designation of evidence, and a 55-

page[1] supporting brief (the "Brief") (Filing No. 71). The next day, Defendants filed the instant Motion for Leave (Filing No. 73).

This Court's Local Rule 7-1 provides, in relevant part:

**(e) Page Limits.**

> **(1)** *Generally.* Supporting and response briefs (excluding tables of contents, tables of authorities, appendices, and certificates of service) may not exceed 30 pages. . . .
>
> **(2)** *Permission to Exceed Limits.* The court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons.
>
> **(3)** *Supporting and Response Briefs Exceeding Limits.* If the court allows a party to file a brief or response exceeding 30 pages, the document must include:
>
> > **(A)** a table of contents with page references;
> >
> > **(B)** a statement of issues; and
> >
> > **(C)** a table of authorities including
> >
> > > **(i)** all cases (alphabetically arranged), statutes, and other authorities cited in the brief; and
> > >
> > > **(ii)** page numbers where the authorities are cited in the brief.

S.D. Ind. L.R. 7-1(e). The Court has broad discretion in enforcing its own Local Rules. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2018); S.D. Ind. L.R. 1-1(c). Defendants' Brief is nearly double the permitted page limit, and it was filed without first seeking or obtaining leave to file excess pages. The Brief also fails to comply with the Court's requirements for oversized briefs, as it does not contain a table of contents, statement of issues, or table of authorities.

This local rule is important as page limits on briefs are imposed to maintain judicial efficiency and to invoke fairness to opposing parties. The pressure of a large complex proceeding

---

[1] The Brief does not contain any tables or appendices, and the certificate of service is on the same page as Defendants' closing arguments and conclusion, so no pages are excluded from the page count. S.D. Ind. L.R. 7-1(e)(1).

puts a premium on good organization and efficient use of time and space, but that is a good thing, not a bad thing.  Defendants are under the misapprehension that more is better when it comes to briefing…but page limits "force" the writer to offer concise and helpful statements of what is challenged and save resources for all concerned.  *See Beverly California Corp v NLRB*, 227 F.3d 817, 829 (7th Cir. 2000).  In addition, this Court frowns upon oversized briefing as it is often tedious to read and unnecessarily lengthy. Moreover, the Court's busy schedule is unable to accommodate protracted and superfluous work.

Defendants belatedly seek leave to file a 55-page summary judgment brief and ask the Court to accept their Brief as timely filed.[2] As stated above, the Local Rules permit oversized briefs only for "extraordinary and compelling reasons." S.D. Ind. L.R. 7-1(e)(2). Defendants offer four reasons in support of their request to file excess pages, none of which meet this standard.

First, Defendants assert that Plaintiff's claims under the Rehabilitation Act and Section 1983 "present[] a unique mix of employment related claims coupled with a constitutional claim under Section 1983." (Filing No. 73 at 2). Defendants fail to explain how the assertion of two very common federal claims, which are regularly asserted together (often with additional claims) in employment cases, presents any "unique" circumstances warranting excess briefing. *E.g.*, *Mullins v. Indiana*, No. 20-cv-2900, 2023 WL 2664176 (S.D. Ind. Mar. 28, 2023); *Gibson v. Ind. State Personnel Dep't*, No. 17-cv-1212, 2020 WL 1956120 (S.D. Ind. Apr. 21, 2020); *Payne v. State Student Assistance Com'n*, No. 07-cv-981, 2009 WL 1468610 (S.D. Ind. May 22, 2009) *Shoenthal v. City of Seymour*, No. 21-cv-79, 2024 WL 113674 (S.D. Ind. Jan. 10, 2024); *Neal v. Indianapolis Fire Dep't*, No. 20-cv-2921, 2022 WL 2106143 (S.D. Ind. June 10, 2022); *Chalk v. S. Dearborn*

---

[2] In addition, the Defendants' motion for leave fails to state Plaintiff's position. However, the Court may rule on a routine or uncontested motion before the response deadline passes, and assuming Defendants consider this to be a routine or uncontested motion, does so here. *See* S.D. Ind. L.R. 7-1(c)(5).

*Cmty. Sch. Corp.*, No. 05-CV-72, 2005 WL 4889192 (S.D. Ind. Aug. 18, 2005); *Tabango v. Purdue Univ.*, No. 25-CV-25, 2026 WL 1492559 (N.D. Ind. May 26, 2026); *Santos v. County of Lake*, No. 17-CV-273, 2020 WL 2839194 (N.D. Ind. June 1, 2020).

This case does not present any novel "mixture" of claims. To be sure, Defendants address each of Plaintiff's claims separately in their Brief (Filing No. 71 at 33–48 § I, 48 –55 § II). This is a relatively usual civil action, with only three of five claims remaining for summary judgment (Filing No. 61 (Joint Motion to Dismiss Counts I and II)).  Neither the nature nor combination of Plaintiffs' two claims presents an extraordinary or compelling reason for excess briefing. *See Coolidge v. Consol. City of Indianapolis*, No. 04-CV-1240, 2006 WL 1072995, at *1 (S.D. Ind. Apr. 20, 2006) (denying motion to file oversized summary judgment brief in "straightforward, non-complex" employment discrimination case).

Second, Defendants contend that excess pages are needed to "lay out the relevant material facts in this case," which span 44 months and cover Plaintiff's employment, injury, medical treatments, criminal proceedings and appeals, and "other matters." *Id.* It is not uncommon for years of events to precede civil litigation. Nor is it rare for civil fact patterns to be multi-faceted. Defendants do not explain why 55 pages are needed to adequately address the facts of this specific case. That Defendants could (and did) discuss the facts of this case for 33 pages does not mean that 33 pages are needed to cover all material facts. *See Beverly Cal. Corp. v. NLRB*, 227 F.3d 817, 829 (7th Cir. 2000) ("The pressure of a large complex proceeding puts a premium on good organization and efficient use of time and space, but that is a good thing, not a bad thing."); *Coolidge*, 2006 WL 1072995, at *1 ("Effective lawyering includes identifying those facts that are truly material to one's case and resisting the temptation to throw everything at the court to see what sticks. . . . This explains the basis for our local rules' imposition of page limits for briefs . . . .").

Third, Defendants state that the "nature of Plaintiff's [two] claims . . . are such that contain [*sic*] several elements that Defense counsel had to address in the summary judgment brief for the defense of the claims." (Filing No. 73 at 2). This argument applies to all civil claims and all motions for summary judgment. It is neither extraordinary nor compelling.

Lastly, Defendants state that their counsel "considered filing two separate briefs" of (up to) 30 pages each, and they argue that one 55-page brief therefore serves the interest of judicial economy (Filing No. 73 at 2). The Court disagrees for several reasons. Most fundamentally, Defendants' decision to jointly file one brief does not alter or supersede the Court's Local Rules. Further, considering that Defendants' statement of facts—which are "intertwined across all claims," *id.* at 2—is by itself 33 pages, the Court has reason to doubt that the instant 55-page Brief is more economical than separate briefs of up to 30 pages, each of which would have needed to cover *both* the material facts *and* desired arguments, all without circumventing the set page limits through, for example, incorporation of other filings or use of lengthy footnotes. *See Fleming v. County of Kane*, 855 F.2d 496, 498 (7th Cir. 1988) (noting that counsel was sanctioned after repeatedly circumventing page limits by placing facts in a separate appendix, by using improper spacing and margins, and by overusing footnotes); *CSX Transp., Inc. v. Zayo Grp., LLC*, No. 21-cv-02859, 2024 WL 1743156, at *9 n.6 (S.D. Ind. Apr. 23, 2024) (construing use of 41 footnotes as an attempt "to circumvent page limitations"); *Denoia v. Roche Diagnostics Corp.*, No. 23-cv-344, 2024 WL 5186873, at *1 n.1 (S.D. Ind. Dec. 20, 2024) (noting that less-than 10-point font in 63 footnotes would typically be construed as an attempt to circumvent page limits; citing cases); *Probst v. Eli Lilly & Co.*, 22-cv-1106, 2023 WL 1782611, at *8 n.7 (S.D. Ind. Feb. 3, 2023) (cautioning that use of lengthy footnotes could be construed as attempt to circumvent page limits). And most importantly, it would be prejudicial to the Plaintiff to allow Defendants to simply

multiply their page limit by the number of briefs they "considered" filing (or by the number of Defendants) because Plaintiff would be disproportionately limited to one 30-page response. S.D. Ind. L.R. 7-1(e)(1); *see Rock v. Nat'l Collegiate Athletic Ass'n*, No. 12-cv-1019, 2016 WL 10404082, at *2 (S.D. Ind. Mar. 11, 2016) ("The Local Rules regarding page limits on briefs are imposed to maintain judicial efficiency and to invoke fairness to opposing parties."). The fact that Defendants "considered" filing separate briefs does not warrant excess briefing.

In sum, Defendants fail to offer extraordinary or compelling reasons to permit a 55-page brief. Defendants' Motion for Leave is **denied**. Nevertheless, considering that Defendants have chosen to jointly file one brief, the Court *sua sponte* **grants** Defendants leave to file an oversized brief of no more than **40 pages** within **seven (7) days** of the date of this Order. S.D. Ind. L.R. 1-1(c). The oversized amended brief must comply with Local Rule 7-1(e)(3).

## II.    CONCLUSION

For the reasons explained above, Defendants' Motion for Leave to File Oversized Brief in Support of their Motion for Summary Judgment (Filing No. 73) is **DENIED**. However, Defendants are *sua sponte* **GRANTED LEAVE** to file an amended supporting brief of no more than **forty (40) pages** within **seven (7) days** from the date of this Order. If no amended supporting brief is filed within that time, then pages 31–55 of Defendants' original Brief (Filing No. 71) will be **stricken** from the summary judgment record, and briefing shall proceed accordingly.

Plaintiff's response in opposition to Defendants' Motion for Summary Judgment must be filed no later than **twenty-eight (28) days** after Defendants file an amended supporting brief; or, if no amended supporting brief is filed, no later than **twenty-eight (28) days** from the date of this Order. Defendants' joint reply in support must be filed no later than **fourteen (14) days** from the date of Plaintiffs' response.

**SO ORDERED**.

Date:   7/8/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy Michael Hamilton
Office of Indiana Attorney General
timothy.hamilton@atg.in.gov

John H. Haskin
JOHN H. HASKIN & ASSOCIATES, LLC
jhaskin@jhaskinlaw.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Matthew Smith
Employment Law Office of John H Haskin & Assoc LLC
msmith@jhaskinlaw.com